# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JEFFREY ORTIZ OLIVAREZ,

      Plaintiff,

v.                                                  CASE NO. 19-3143-SAC

LANCE BABCOCK,

      Defendant.

## ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas. This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (Doc. 5). Plaintiff argues that he is unable to obtain counsel due to his indigency; his incarceration will greatly limit his ability to litigate; the issues involved are complex and will require significant research and investigation; he has limited access to the law library and limited knowledge of the law; a trial will likely involve conflicting testimony; having counsel will enable Plaintiff to better present his case and cross examine witnesses; and Plaintiff has been unable to obtain a lawyer due to financial difficulties.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the

prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 5) is **denied without prejudice.**

**IT IS SO ORDERED.**

**Dated December 6, 2019, in Topeka, Kansas.**

s/ Sam A. Crow
**SAM A. CROW**
**U. S. Senior District Judge**